## Mary Noonan, Administratrix, Appellee, v. Philip A. Maus, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Monroe county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Mary Noonan, administratrix of the estate of Dennis Noonan, deceased, plaintiff, against Philip A. Maus, defendant, to recover damages for the death of the plaintiff's intestate caused by the defendant's negligent operation of his automobile. From a judgment of $2,500 for the plaintiff, defendant appeals.

STONEWALL J. WALTON and OLIVER SENTI, for appellant.

A. C. BOLLINGER and D. J. SULLIVAN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 182*—*when evidence of habits of injured person admissible to prove due care.* While the general rule is that where there are eyewitnesses to an accident, testimony as to the habits of the person injured is not admissible for the purpose of proving due care on his part, yet where eyewitnesses are lacking to some part of an accident, it is proper to admit evidence of the careful habits of the party injured for his own safety and of his skill and experience in driving.

2. NEGLIGENCE, § 208*—*when instruction on manner of proving due care and caution for one's safety proper.* On the issue of contributory negligence, it is proper to instruct the jury that due care and caution for one's own safety are not necessary to be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

proven by direct and positive evidence, but may be proven also by facts and circumstances appearing on the trial.

3.   AUTOMOBILES AND GARAGES, § 3*—*when instruction as to duty of driver of automobile to give warning proper.* It is proper to instruct the jury that it is the duty of a driver of an automobile to give reasonable warning of his approach when meeting teams on the public highway though the only evidence of lack of warning is negative.

4.   EVIDENCE, § 465*—*what is comparative weight of positive and negative testimony.* While negative testimony is not of as much weight as positive testimony, it is proper to be considered by the jury.

5.   INSTRUCTIONS, § 96*—*when instruction on credibility of witnesses erroneous.* An instruction that: "The jury are instructed that they are the sole judges of the credibility of the witnesses, and if they find and believe from the evidence that any witness had testified falsely as to any material fact, they are at liberty to disregard all the evidence of such witness," is properly refused where it fails to add, "except in so far as their testimony may be corroborated by other credible witnesses, or by the facts and circumstances appearing on the trial," and also omits the element of "wilfulness."

6.   TRIAL, § 99*—*when objection should be made to incompetent testimony.* Specific objection should be made to testimony for its incompetency at the time it is offered rather than to wait until it is all in and then move to exclude it.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.